IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. H-10-128 |
| WILLIAM SCOTT NELSON | § § § | |

**ORDER OF DETENTION PENDING TRIAL**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

   [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

   [ ]   an offense for which the maximum sentence is life imprisonment or death.

   [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

   [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

   [ ] (3)   A period of not more than five years has elapsed since the (date of conviction)

                (release of the defendant from imprisonment) for the offense described in finding 1.

       [ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[X]   B.     Findings of Fact [18 U.S.C. § 3142(e)]

    [X] (1)   There is probable cause to believe that the defendant has committed an offense

        [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
           ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a) ( ) 841(a)(1).

        [ ]   under 18 U.S.C. § 924(c).

    [X] under 18 U.S.C. (x) § 2252A (a)(2)(B); ( ) § 2252A (b)(1); (x) § 2256

    [x] (2)   The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x]   C.     Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [ ] (1)

    [x] (2) There is a serious risk that the defendant will flee.

    [ ] (3)

    [ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x]   D.     Findings of Fact [18 U.S.C. § 3142(c)]

    [ ] (1) As a condition of release of the defendant, bond was set as follows: Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and

necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ] (4)

[x] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
William Scott Nelson has been charged by Indictment with sexual exploitation of children in violation of 18 U.S.C. 2251(a) & (e) (Counts 1-4), attempted distribution of child pornography in violation of 18 U.S.C. § 2252(A)(2)(B) and 2252A(b)(1) (Count 5), and possession of child pornography in violation of 18 U.S.C. 2252A(a)(5)(B), & 2252A(b)(2). (Count 6).
**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**
Evidence presented at the probable cause and detention hearing establishes probable cause that William Scott Nelson ("Nelson") engaged in sexual exploitation of minor children for the purpose of producing a visual depiction of sexually explicit conduct under 18 U.S.C. § 2251, attempted distribution of child pornography under 18 U.S.C. § 2252A, and possession of child pornography under 18 U.S.C. § 2252A. The Court finds by clear and convincing evidence that Nelson is a danger to the community and a flight risk.

Under 18 U.S.C. § 3156(a)(4), a crime of violence includes "any felony under chapter ... 110." *Id.* at (c). A violation of § 2252A falls within Chapter 110, Sexual Exploitation and Other Abuse of Children. The Bail Reform Act, 18 U.S.C. § 3142(e)(3) provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed ... an offense involving a minor victim under section ... 2251, ... of this title.

The evidence at the detention hearing shows, and a grand jury has made a probable cause

determination, that Nelson has committed both a crime of violence: attempted distribution of child pornography, and possession of child pornography, and also a crime for which there is a presumption of flight and danger to the community: sexual exploitation of children, for the purpose of producing a visual depiction of the minor engaging in sexually explicit conduct. The evidence against Nelson is strong.

According to the testifying case agent, last year the Houston Police Department conducted an online undercover operation, during which law enforcement officers became aware that Nelson's computer had over 70 child pornography images. A search warrant was executed at Nelson's residence in Pearland, Texas. Computers and computer media were recovered in Nelson's office. Also seized were hard drives, CD's and floppy discs. A large number of guns were found in Nelson's office.

According to the agent, most of the child pornography images were of pre-pubescent children. Nelson possessed an instruction video that tracked newborns to adulthood, and explained in detail how to insert an object into either a rectum or vagina without any leaving any evidence. In addition, slides of child pornography were found. Nelson agreed to be interviewed. Nelson was given his Miranda warnings. Nelson stated that all items seized in his office were his. Nelson stated that he believed a child ten years of age or older should be able to decide to have sexual relations with an adult. Nelson stated he is a nudist and attends nudist camps. Nelson further stated he made pornographic slides of his stepdaughter when she was 8-13 years old. Nelson admitted he took photographs of his stepdaughter over a 5 year period.

His collection includes nude minor females and many, if not all, depict genitals. All images are child pornography. The agent further testified that Nelson's Kodak digital camera, and memory card were seized and contained images of child pornography including images of a 14 year old male, photographed outdoors. Images taken on different dates, include the 14 year old boy's genitals. The agent testified that many of the child pornography images were of genitals of minor victims. Nelson stated that he has collected child pornography for 34 years.

Nelson's sentence, if he is convicted, may be enhanced under the advisory United States Sentencing Guidelines because of the fact he possessed approximately 922 video images of child pornography, and over 5000 still images of child pornography, and used a computer. The mandatory minimum for the manufacture of child pornography is 15 years. The federal penalties are more severe than in state court, which enhances the risk of flight. Nelson faces a lengthy prison term if convicted in the instant case. Because the evidence is strong, it is likely he will be convicted in this case. This enhances the risk of flight.

Nelson has been charged in state court in Brazoria County, Texas. Nelson stated he planned to shoot himself if he is released on bond. Nelson presents a danger to himself based on his statements about committing suicide and his possession of a large number of firearms, but also presents a danger to the community, particularly minor children in the community who cannot protect themselves from him. Nelson has stated that he believes children over the age of ten are capable of consenting to sexual relations.

The likelihood of conviction in this case, and the likelihood of a substantial prison sentence establish a flight risk. Moreover, under 18 U.S.C. 3146(g)(1), the offenses charged include both a crime of violence and involve minor victims. The presumption of flight and danger to the community have not been rebutted. There are no conditions or combination of conditions that would assure Nelson's court appearances or the safety of the community. Therefore, detention is ORDERED. Accordingly, the Court orders that Defendant William Scott